CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| River Richards, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00248 |
| ) | |
| Major Brian Parks, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff River Richards, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Richards claims his rights have been violated in connection with his incarceration that he contends was wrongful. Richards submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 6, 8.)

While the court finds that Richards qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.    Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II. Analysis

Richards' amended complaint fails to state a claim upon which relief can be granted because he does not describe adequately any actions or inactions of sole Defendant Major Brian Parks that would support liability. Because Richards' original complaint (Dkt. 1) also was deficient, the court entered an Order (Dkt. 9), which provided Richards an opportunity to file an amended complaint with more information. The Order advised Richards that he

needed to specify "what Parks personally did or did not do to violate his constitutional rights. (*Id.* at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . , the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution.") (internal citation omitted)).) Richards' amended complaint (Dkt. 10) still lacks a statement of what Parks personally did or did not do that violated Richards' rights. The conclusory allegations of wrongdoing are insufficient to establish a plausible claim of entitlement to relief, and thus the court will dismiss this action.

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Richards.

**IT IS SO ORDERED.**

**ENTERED** this 13th day of June 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE